IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNA M. STAATS,<br>    Plaintiff, | )<br>)<br>) |
| vs | )   Civil Action No. 11-1320 |
| | ) |
| PROCTER & GAMBLE LONG TERM<br>DISABILITY ALLOWANCE PLAN,<br>    Defendant. | )<br>)<br>) |

<u>MEMORANDUM OPINION AND ORDER</u>

MITCHELL, Magistrate Judge:

Presently before the Court is the plaintiff's motion for attorney's fees and expenses. For reasons discussed below, the plaintiff's motion for attorney's fees and expenses (Document No. 27) will be denied.

On October 17, 2011, the plaintiff, Shanna M. Staats, filed a complaint against the Procter & Gamble Company, her former employer, alleging that it wrongfully denied her long term disability benefits under a policy of insurance in which she was an insured. On December 8, 2011, by stipulation of the parties, the caption of this case was amended to substitute as the defendant the Procter & Gamble Long Term Disability Allowance Plan ("the Plan").

The plaintiff's claim for wrongful denial of benefits arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Section 502(a)(1)(B) of ERISA provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of [the] plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The parties agree that the plaintiff was a participant in the Plan

1

(Complaint at ¶ 6 and answer thereto), and that she exhausted all administrative appeals before commencing this suit (Id. at ¶ 10).

The plaintiff complains that she became totally disabled due to significant medical ailments, but on May 27, 2011, the defendant unreasonably denied her benefits for total disability (Complaint at ¶¶ 7-9). As gleaned from the record, the plaintiff applied for disability benefits due to the diagnosis of arthritis, fibromyalgia, and depression beginning November 2, 2009, with a relapse on January 15, 2010 (Exhibit A to plaintiff's motion for attorney's fees and expenses [Doc. 27-2]). In a letter dated January 13, 2011, the defendant's Corporate Disability Reviewing Board informed the plaintiff that having reviewed the available information, it found that she was partially disabled as defined in the Plan, for which she would receive payments as a partially disabled participant commencing January 4, 2011 (Exhibit 3 to Declaration of Diane K. Johnson [Doc. 28-2]).

By letter dated March 30, 2011, the plaintiff appealed the Corporate Reviewing Board's decision that she was only partially disabled (Exhibit 4 to Declaration of Diane K. Johnson). In a letter dated May 27, 2011, the Plan Trustees informed the plaintiff that her appeal was denied based upon their review of the available medical information, which indicated that she was partially, but not totally disabled as defined in the Plan (Declaration of Diane K. Johnson at ¶ 4).

Importantly, when the Plan Trustees denied the plaintiff's claim of total disability on May 27, 2011, they did not have all of the available medical records, and their decision was based on the Administrative File that was provided to them. Subsequently however, the Plan Trustees were informed that the plaintiff had additional medical records that she felt should be part of the Administrative File, whereupon the Trustees agreed to reconsider her claim (Id. at ¶ 8).

The record shows that following the denial of the plaintiff's appeal, Diane K. Johnson,

the Chairperson of the Board of Trustees of the Plan, received a letter on June 2, 2011 from plaintiff's counsel, Francis Moore, requesting the complete administrative file (Id. at ¶ 5). By letter dated July 1, 2011, Ms. Johnson sent a copy of the complete administrative file and the Summary Plan Descriptions to attorney Moore (Id.). In her July 1, 2011 letter to Mr. Moore, Ms. Johnson informed him: "The administrative appeals for [the plaintiff] have been exhausted. The Trustees will not consider this claim further. [The plaintiff] has the right to bring a civil action under ERISA § 502(a)." (Exhibit 10 to Declaration of Diane K. Johnson).

The plaintiff commenced this action on October 17, 2011 by filing her complaint. In a letter dated November 22, 2011, Diane K. Johnson apprised the plaintiff: "[E]ffective January 2, 2012, the maximum lifetime total of 52 weeks of Partial Disability benefits paid to you will be exhausted and disability benefits will be terminated… The Trustees would like to take this opportunity to inform you that you have the right to appeal the Trustees' decision and to supply any additional information that may support your position… within 180 days from the receipt of this letter." (Exhibit 9 to Declaration of Diane K. Johnson). According to Ms. Johnson, as a matter of course, when the end of the 52-week period of partial disability payments is approaching, the Plan Trustees notify claimants that they may renew their appeals and submit additional information to permit the Plan Trustees to assess whether their disability is total (Declaration of Diane K. Johnson at ¶ 6).

On January 17, 2012, plaintiff's counsel informed defendant's counsel, John J. Myers, that there were numerous medical documents in this case that he wanted to add to the Administrative File (Declaration of John J. Myers [Doc. 28-1] at ¶ 2). Plaintiff's counsel then forwarded 278 pages of medical documents to defendant's counsel and requested that they be added to the Administrative File for the Trustees to consider; of these documents, 263 pages had

never been submitted to the Plan previously (Id. at ¶ 4).  On January 17, 2012, counsel for the parties exchanged emails concerning the new documents, and defendant's counsel stated: "If you believe any of these records would have made a difference in the outcome of the plan's decision, identify the record and, if the records appear to be significant, then I can ask whether my client would agree to a remand so that it can consider the material." (Id. at ¶ 2).

On January 31, 2012, plaintiff's counsel sent an email to defendant's counsel, suggesting that they agree to stay the case for 60 days to allow the additional documents to be considered, or have the case remanded to the Trustees for consideration of the new documents (Id. at ¶ 5).  In a February 2, 2012 email, defendant's counsel replied that the proper procedure would be to remand the case to the Trustees, as a 60-day stay would probably not afford the Trustees enough time to complete their review (Id.).

On February 9, 2012, the plaintiff filed a "Motion to Stay Case or Alternatively Remand to Supplement Administrative Record" (Doc. 15).  The Court granted the motion by Order dated February 14, 2012, and directed that "this case is stayed for sixty days so that the additional medical records may be forwarded to the plan administrator for consideration" (Doc. 16).  In Orders dated April 10, 2012 (Doc. 21) and June 5, 2012 (Doc. 23), the Court granted the defendant's motions to extend the stay to allow the plan administrator to evaluate the plaintiff's claim in light of the additional medical records.

By letter dated June 18, 2012, Diane K. Johnson informed plaintiff's counsel that following their evaluation, "the Trustees have determined to approve [the plaintiff's] appeal as a totally disabled participant beginning January 4, 2011." (Exhibit A to plaintiff's motion for attorney's fees & expenses).  The Trustees made their decision retroactive, so the plaintiff would still be eligible for 52 weeks of partial disability in the event her condition improves (Declaration

of Diane K. Johnson at ¶ 9). Thereafter, plaintiff's counsel filed his pending motion for attorney's fees and expenses, and the defendant filed a response, opposing it.

Under ERISA, a district court has discretion to award "reasonable attorney's fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). Construing this provision of ERISA, the United States Supreme Court has held that a court "may award fees and costs 'to either party', as long as the fee claimant has achieved 'some degree of success on the merits'". Hardt v. Reliance Standard Life Ins. Co., -- U.S. -- , 130 S.Ct. 2149, 2152 (2010), quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983).

The "success on the merits" standard does not require that a claimant be a "prevailing party" to be eligible for an award of attorney's fees. Hardt, supra, 130 S.Ct. at 2157. However, "[a] claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victor[y], but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." Id. at 2158 (citations and quotations omitted).

Tellingly, in Hardt, the defendant insurance company, Reliance, opposed plaintiff's motion for attorney fees on grounds that "a court order remanding an ERISA claim for further consideration can never constitute 'some success on the merits,' even if such a remand results in an award of benefits." Id. The Supreme Court disagreed, explaining that the plaintiff had achieved "some success on the merits" for the following reasons:

> Hardt persuaded the District Court to find that 'the plan administrator ha[d] failed to comply with the ERISA guidelines' and 'that Ms. Hardt did not get the kind of review to which she was entitled under applicable law.' Although Hardt failed to win summary judgment on her benefits claim, the District Court nevertheless found 'compelling evidence that Ms. Hardt [wa]s totally disabled due to her neuropathy,' and stated that it

> was 'inclined to rule in Ms. Hardt's favor' on her benefits claim, but declined to do so before 'first giving Reliance the chance to address the deficiencies in its' statutorily mandated 'full and fair review' of that claim. Hardt thus obtained a judicial order instructing Reliance 'to act on Ms. Hardt's application by adequately considering all the evidence' within 30 days; '[o]therwise, judgment will be issued in favor of Ms. Hardt.' After Reliance conducted that court-ordered review, and consistent with the District Court's appraisal, Reliance reversed its decision and awarded Hardt the benefits she sought. These facts establish that Hardt has achieved far more than 'trivial success on the merits' or a 'purely procedural victory.' Accordingly, she has achieved 'some success on the merits' and the District Court properly exercised its discretion to award Hardt attorney's fees…

Id. at 2158-2159 (citations to the record omitted).[1]

In support of his position, plaintiff's counsel asserts that this case is "very much like Hardt, [because it] involves a Plaintiff who successfully had her case placed into a contested remand status and was able to submit additional medical data to prove her total and permanent disability at the time of remand." (Plaintiff's motion for attorney's fees & expenses at ¶ 17). We disagree that this case is very much like Hardt.

Unlike Hardt, this Court made no substantive determination that the defendant failed to comply with ERISA guidelines, or that the defendant failed to accord the plaintiff a full and fair administrative review, or that the plaintiff was totally disabled due to her condition. We also did not issue a judicial order as in Hardt instructing the defendant to reconsider the plaintiff's claim and consider all the evidence, or else judgment would be entered against it.

Here, the Court made no determination on the merits. Rather, we granted the parties' motions to stay the case and extend the stay, so that the Plan Trustees could evaluate the plaintiff's claim in light of the additional medical records that she provided. Then, without any input from us, the Plan Trustees determined that the plaintiff was a totally disabled participant

---

[1] In Hardt, the Court failed to discuss other fact patterns that could qualify as "some success on the merits". Further, the Court stated that it "need not decide [at this juncture] whether a remand order, without more, constitutes 'some success on the merits'". 130 S.Ct. at 2159.

6

based on the supplemented administrative file.

These facts make this matter similar to <u>Zacharkiw v. The Prudential Insurance Company of America</u>, 2012 WL 551639 (E.D.Pa., Feb. 21, 2012), where the Court denied a motion for attorney's fees under ERISA. In <u>Zacharkiw</u>, defendant Prudential terminated the plaintiff's long term disability ("LTD") benefits, after which the plaintiff appealed its decision, and Prudential upheld its termination decision. <u>Id.</u> at *1. The plaintiff voluntarily filed a second appeal with Prudential, in which he "submitted a fair amount of new evidence to buttress his disability claim, including [additional medical] records"; the plaintiff then commenced an ERISA suit before his second administrative appeal was decided. <u>Id.</u> Several months after Zacharkiw filed suit, the parties "petitioned the Court for a stay pending Prudential's decision on Zacharkiw's second appeal, and [the Court] granted the stay". <u>Id.</u> at *2. Thereafter, Prudential reinstated the plaintiff's benefits based on its review of the new medical records that were submitted to it. <u>Id.</u>

Plaintiff Zacharkiw then moved for attorney's fees and costs, arguing that he achieved "some degree of success on the merits". The Court disagreed and denied the motion, stating:

> Other than granting the parties' joint request to stay this litigation pending Zacharkiw's administrative appeal, we have had little involvement in this matter. We did not make any findings as to whether Prudential improperly terminated Zacharkiw's LTD benefits in the first place. We did not make any findings as to whether Prudential improperly denied Zacharkiw's first administrative appeal. We did not decide the exhaustion question. We did not rule on any summary judgment motions, as the parties submitted none… Finally, we did not remand this matter to Prudential for further consideration of … the old record. As such, our actions in this case bear no resemblance to the active role played by the district court judge in <u>Hardt</u>, who found 'compelling evidence' of Ms. Hardt's disability and directed the insurance company to reevaluate her claim or face an adverse court ruling. In short, the parties here resolved this dispute among themselves at the administrative level, not in this Court. Additionally, and importantly, based on the record before us, we believe that Zacharkiw's new evidence of disability, not this lawsuit, caused Prudential to change course and reinstate Zacharkiw's benefits.

<u>Id</u>. at *4.

Similarly here, we do not believe that the plaintiff is entitled to an award of attorney's fees and costs. As in Zacharkiw, our involvement in this case has been limited. We approved the parties' stipulation to amend the caption of the case in an Order dated December 8, 2011. On December 15, 2011, we held a Case Management Conference with counsel, at which time we referred the matter to mediation and set a briefing schedule for motions for summary judgment. Mediation never occurred, however, and no motions for summary judgment were submitted. Instead, we granted the parties' motions to stay the case and extend the stay to allow the Plan Trustees to reevaluate the plaintiff's claim in light of additional medical records.[2] After the plaintiff produced the additional records for review, the Trustees determined she was entitled to the total disability benefits she sought.

Like Zacharikiw, we made no substantive determinations in this case. Further, the parties resolved their dispute at the administrative level without our input.

Thus, we agree with the Court in Zacharkiw that where, as here, a defendant "voluntarily reinstates a claimant's benefits in an administrative appeal based on substantial new evidence without any significant court involvement, that claimant has not achieved 'some success on the merits' of his ERISA claim and cannot recover attorney's fees and costs under Hardt." Zacharkiw, 2012 WL 551639, at *5. As explained in Zacharkiw: "[a]lthough [the plaintiff] achieved 'some success', it happened solely at the administrative level and without our input." Id. Also see, Templin v. Independence Blue Cross, 2011 WL 3664427, *6 (E.D.Pa., Aug. 19, 2011) (where the Court denied a motion for attorney's fees under ERISA, stating: "although Plaintiffs received that which they sought as relief in this case, ... [it] was provided by Defendants [in the administrative review process], not this Court, and was not achieved by any

---

[2] The defendant asserts it was not necessary for the plaintiff to seek a remand order here, as she was still within the 180-day period accorded her by the Trustees to renew her appeal per Ms. Johnson's aforesaid letter of November 22, 2011 (Declaration of Diane K. Johnson at ¶ 8).

substantive determination by the Court."), aff'd., 2012 WL 2403410 (3d Cir., June 27, 2012).

Here, the plaintiff's attainment of benefits was not attributable to the substantive legal merits of her claim.  Rather, she obtained the benefits she sought at the administrative level by presenting additional medical records that had not previously been considered by the Plan, such that she achieved a "purely procedural victory".

Further, even assuming, arguendo, that a remand order without more could be deemed "some degree of success on the merits" here, an award of fees would not be warranted.

Under Third Circuit precedent, if a party achieves some success on the merits, a court is to consider the following factors before deciding if attorney's fees and costs should be awarded: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions". Templin, supra, 2012 WL 2403410, at *6 (3d Cir., June 27, 2012), quoting Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).[3]

Consideration of these factors reveals that the plaintiff is not entitled to attorney's fees and expenses.  Clearly, the first factor does not support a fee award, as no evidence shows that the Plan engaged in culpable acts or bad faith.  Rather, the Plan Trustees determined the plaintiff's disability status based on the administrative file submitted to them.  Initially, the plaintiff was deemed to be partially, but not totally disabled under the Plan's terms.  However, after the Trustees afforded the plaintiff an opportunity to present additional medical records to support her claim, they determined, based on the supplemented file and independent medical evaluation, that she was a totally disabled participant (Declaration of Diane Johnson at ¶¶ 8-9).

---

[3] In Hardt, the Supreme Court stated: "We do not foreclose the possibility that once a claimant has satisfied [the 'some degree of success'] requirement, and thus becomes eligible for a fee award under § 1132(g)(1), a court may consider the five factors" set forth above.  130 S.Ct. at 2158, n.8.

The second factor in our analysis is the ability to pay a fee award. Here, the Plan does not profess an inability to satisfy an award of attorney's fees; thus, this factor supports a fee award.

The third factor is the deterrent effect of an award of attorney's fees against the offending party. This factor does not favor a fee award because, as discussed above, the Plan did not commit acts that need to be deterred.

The fourth factor pertains to the benefit conferred on members of the pension plan as a whole. This factor is inapplicable here, as the plaintiff only sought benefits for herself, and a fee award would not confer a common benefit to all Plan members. Nor is there any showing that the defendant acted in any manner contrary to the interests of the Plan participants.

Under the fifth factor, we are to consider the relative merits of the parties' positions. This factor counsels against an award of fees. That is because the plaintiff has not shown that the Plan arbitrarily and unreasonably denied her claim for benefits as alleged in the complaint. Rather, the defendant, without Court direction, reinstated the plaintiff's benefits as a totally disabled participant after she submitted over 260 pages of additional medical records for its review.

Having weighed the applicable factors, and for reasons discussed above, the Court will deny the plaintiff's motion for attorney's fees and expenses. An appropriate Order will be entered.

O R D E R

AND NOW, this 27th day of August, 2012, for the reasons set forth in the Court's Memorandum Opinion filed this date,

IT IS ORDERED that the plaintiff's motion for attorney's fees and expenses (Document No. 27) is denied.

The Clerk is to mark this case closed.

s/ROBERT C. MITCHELL<br>
United States Magistrate Judge